﻿Citation Nr: AXXXXXXXX
Decision Date: 11/27/19 Archive Date: 11/27/19

DOCKET NO. 190827-26597
DATE: November 27, 2019

ORDER

The appeal on the question of whether the Veteran is competent to handle disbursement of Department of Veterans Affairs (VA) funds, having been rendered moot, is dismissed.

Entitlement to an effective date of February 22, 2019, but no earlier, for the grant of special monthly pension based on the need for regular aid and attendance is granted, subject to the laws and regulations governing the payment of monetary benefits.

FINDINGS OF FACT

1. In a July 2019 rating decision, the RO determined that the Veteran was considered competent to handle disbursement of VA funds.

2. VA received the Veteran’s fully developed claim for Veterans pension on February 22, 2019.

3. The evidence of record established that the Veteran was in need of regular aid and attendance at the time of his February 22, 2019 claim.

CONCLUSIONS OF LAW

1. The issue of whether the Veteran is competent to handle disbursement of VA funds has been rendered moot by the determination that the Veteran is considered competent by the RO in the July 2019 rating decision, leaving no question of fact or law to be decided by the Board. 38 U.S.C. §§ 7104(a), 7105 (2012).

2. The criteria for an effective date of February 22, 2019, but no earlier, for the award of special monthly pension based on the need for aid and attendance have been met. 38 U.S.C. § 5110 (2012); 38 C.F.R. §§ 3.400, 3.401 (2018).

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with the Department of Veterans Affairs (VA)’s decision on their claim to seek review. This decision has been written consistent with the new AMA framework.

The Veteran served on active duty from March 1960 to February 1963 and from December 1964 to November 1967.

These matters come before the Board of Veterans’ Appeals (Board) on appeal from a July 2019 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO), which granted entitlement to special monthly pension, effective June 10, 2019 and determined the Veteran to be competent to handle disbursement of VA funds. In his August 2019 Decision Review Request to the Board, the Veteran requested Board review through the evidence submission lane. As the current appeal stems from the Veteran’s August 2019 selection of the evidence submission lane at the Board, in which he acknowledged that his appeal will be based upon all evidence submitted to VA as of 90 days after the date of that election, only evidence through November 2019 will be considered.

This appeal has been advanced on the Board’s docket pursuant to 38 C.F.R. § 20.900(c) (2018). 38 U.S.C. § 7107(a)(2) (2012).

1. Whether the Veteran is considered competent to handle disbursement of VA funds

The Board may dismiss any appeal which fails to allege specific error of fact or law in the determination being appealed. 38 U.S.C. § 7105.

In a July 2019 rating decision, the RO found that the Veteran was competent to handle disbursement of VA funds. As the Veteran’s competency has been destroyed, there remains no question of fact or law to be decided by the Board concerning the issue of whether the Veteran is competent to handle disbursement of VA funds. Thus, the appeal is dismissed.

2. Entitlement to an effective date prior to June 10, 2019 for the award of special monthly pension based on the need for aid and attendance

Unless specifically provided otherwise, the effective date of an award based on an initial claim, or a supplemental claim, of compensation, dependency and indemnity compensation, or pension, shall be fixed in accordance with the facts found, but shall not be earlier than the date of receipt of application therefor. 38 U.S.C. § 5110(a). The implementing regulation clarifies this to mean, except as otherwise provided, the effective date of an award of pension, compensation, or dependency and indemnity compensation based on an initial claim or supplemental claim will be the date of receipt of the claim or the date entitlement arose, whichever is later. 84 Fed. Reg. 138, 170 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.400).

The award of aid and attendance or housebound benefits will be effective the date of receipt of claim or date entitlement arose, whichever is later. However, when an award of pension or compensation based on an original or supplemental claim is effective for a period prior to the date of receipt of the claim, any additional pension or compensation payable by reason of need for aid and attendance or housebound status shall also be awarded for any part of the award’s retroactive period for which entitlement to the additional benefit is established. 84 Fed. Reg. 138, 170 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.401).

Effective March 24, 2015, VA amended its regulations to require that all claims governed by VA’s adjudication regulations be filed on a standard form. The amendments apply to claims filed on or after March 24, 2015. As the Veteran filed his claim in February 2019, the amended regulations apply and there is no need to discuss the requirements of the former regulations.

Under 38 U.S.C. § 1521 an increased rate of pension is available, in the form of a special monthly pension, when an otherwise eligible veteran is in need of regular aid and attendance or has a disability rated as permanent and total and (1) has an additional disability or disabilities ratable at 60 percent, or (2) is permanently housebound. 38 U.S.C. §§ 1521(d), (e); see also 38 C.F.R. §§ 3. 351(b), (c), (d).

For pension purposes, a claimant will be considered to be in need of regular aid and attendance if he or she exhibits helplessness or being so nearly helpless as to require the regular aid and attendance of another person. A claimant will be considered in need of regular aid and attendance if he or she: (1) is blind or so nearly blind as to have corrected visual acuity of 5/200 or less, in both eyes, or concentric contraction of the visual field to 5 degrees or less; (2) is a patient in a nursing home because of mental or physical incapacity; or (3) establishes a factual need for aid and attendance under the criteria set forth in 38 C.F.R. § 3.352(a). 38 U.S.C. § 1502(b); 38 C.F.R. § 3.351(b), (c).

The following will be accorded consideration in determining the need for regular aid and attendance: inability of a claimant to dress or undress him or herself, or to keep him or herself ordinarily clean and presentable; frequent need of adjustment of any special prosthetic or orthopedic appliances which by reason of the particular disability cannot be done without aid (this will not include the adjustment of appliances which normal persons would be unable to adjust without aid, such as supports, belts, lacing at the back, etc.); inability of a claimant to feed him or herself through loss of coordination of the upper extremities or through extreme weakness; inability to attend to the wants of nature; or incapacity, physical or mental, which requires care or assistance on a regular basis to protect a claimant from hazards or dangers incident to his or her daily environment. 38 C.F.R. § 3.352(a).

In considering the evidence of record under the laws and regulations as set forth above, the Board concludes that an effective date prior to October 2, 2014, for the grant of special monthly pension based on the need for regular aid and attendance is warranted. 

Historically, the July 2019 rating decision granted entitlement to special monthly pension based on the need for aid and attendance effective from June 10, 2019. The record reflects that the Veteran filed a VA 21-527EZ application for pension benefits that was date stamped as received by VA on February 22, 2019. The evidence of record contains no communication from the Veteran indicating an intent to file a claim for special monthly pension based on the need for aid and attendance prior to February 22, 2019.

With regard to the date entitlement arose, on June 10, 2019, VA received the Veteran’s submitted VA Form 21-2680 Examination for Housebound Status or Permanent Need for Regular Aid and Attendance completed by his private physician and signed on June 7, 2019. The Veteran’s physician noted that the Veteran was unable to prepare his own meals and required assistance bathing. The Veteran was also noted to require nursing home care and medication management.

Thereafter, in August 2019, the Veteran submitted a letter from his assisted living facility dated August 23, 2019. In this regard, owner and registered nurse, G.I., stated that the Veteran had moved into the assisted living facility as of February 12, 2019 and that he is chair bound and can transfer from bed to chair. G.I. further stated that the Veteran is bathed by staff, provided three meals per day with snacks in between, as well as daily housekeeping, laundry, and assistance with activities of daily living. The Veteran was noted to be on dialysis and the facility transports him to and from dialysis three times per week. Further, the Veteran was noted to receive medication given to him by a registered nurse or other delegated staff member. The Veteran is also a diabetic and is monitored by checking his blood sugar twice a day and diet. The facility also takes him to his doctor’s appointments. in addition to the above, GI stated that the facility takes and monitors his blood pressure and monitors his weight and hydration daily. 

Based on the foregoing, the evidence shows that the Veteran needed assistance with bathing and tending to other hygiene needs and activities of daily living at the time of his February 2019 claim. Therefore, the Veteran met the criteria for special monthly pension based on the need for aid and attendance from the date of receipt of his claim. 

The Board has considered whether 38 C.F.R. § 3.401(a)(1) may provide an earlier effective date for special monthly pension based on the need for aid and attendance, based on a retroactive award of pension. Under 38 C.F.R. § 3.401(a)(1), if there is a retroactive award of pension, then any additional pension payable by reason of the need for aid and attendance would also be payable retroactively. However, the record does not show any retroactive award of pension prior to the date of receipt of the Veteran’s claim for special monthly pension based on the need for aid and attendance. Therefore, the exception pursuant to 38 C.F.R. § 3.401(a)(1) is not applicable. 

(Continued on the next page)

 

The effective date of the award of special monthly pension based on the need for aid and attendance is the date of receipt of claim or date entitlement arose, whichever is later. See 38 U.S.C. § 5110; 38 C.F.R. §§ 3.400, 3.401(a). Accordingly, the Board concludes that February 22, 2019, is the proper effective date for the award of special monthly compensation based on the need for aid and attendance.

 

 

Cynthia M. Bruce

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Medina, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.